## ROSS *v.* LOEWER.

APPEALS FROM COMMISSIONER OF PATENTS, TIME FOR TAKING ;
REHEARING.

1. An appeal from a decision of the Commissioner of Patents taken
   eighty-six days after the rendition of the decision appealed
   from, *dismissed*, as not being taken in time under the rules of
   this court ; *following* In re Bryant, *ante*, p. 447.
2. The time for taking appeals to this court from decisions of the
   Commissioner of Patents is not suspended or extended by the
   filing in the Patent Office of a motion for rehearing ; and the
   order overruling the motion for rehearing is not the subject of
   appeal.

No. 57. Patent Appeals. Submitted December 8, 1896. Decided December 17, 1896.

HEARING on a motion to dismiss an appeal from a deci-
sion of the Commissioner of Patents in an interference pro-
ceeding. *Appeal dismissed.*

*Mr. A. A. Hoehling* and *Mr. R. G. Dyrenforth* for the motion.

*Mr. George W. Rea, Mr. James L. Norris* and *Messrs. Wood
& Boyd* opposed.

Mr. Chief Justice ALVEY delivered the opinion of the
Court:

There is a motion to dismiss the appeal in this case
grounded upon the allegation that the appeal was not taken
in time, under the second section of Rule XX of this court.
That section provides, that all appeals taken from the Com-
missioner of Patents " shall be taken within *forty days* from
the date of the ruling or order appealed from, *and not after-
wards.*" That rule was made to avoid delay, and to expe-
dite the final determination of patent rights. And the rule
was made in pursuance of the acts of Congress of February
9, 1893, and July 30, 1894. The rule is a positive law to

this court, as well as to the suitors therein. This has recently been decided by this court in the case *In the Matter of the Application of George Bryant, ante,* p. 447.

The date of the ruling or order appealed from is the 6th day of July, 1896, and notice of the present appeal, under the statute, was not given until the 30th of September, 1896, some eighty-six days after the date of the decision appealed from. It is conceded that, ordinarily, the appeal would be too late, but it is contended that a motion for rehearing, which was filed in the Patent Office on the 10th of August, 1896, operated as a stay or as a suspension of the running of the time for the prosecution of appeal to this court, until after the motion for rehearing had been determined. To this we cannot assent.

The motion for rehearing was in fact denied on the 11th of August, 1896, though there was a subsequent application filed to have the motion for rehearing opened and further considered ; and this latter application was filed, or rather notified to the opposition that such motion would be made, on the 21st of August, 1896, and such application was finally denied on September 25, 1896.

The appellant relies upon certain decisions of the Supreme Court of the United States which hold that the time for prosecuting appeals from decrees in equity, or writs of error from judgments at law, will be stayed by the pendency of a motion for rehearing, or a motion for new trial, and that the time for the prosecution of the appeal or writ of error will only commence to run from the time such motion for rehearing or new trial is refused. This is founded upon the principle that the judgment or decree is not complete or is suspended until the motion for rehearing is disposed of. But the proceedings of the Patent Office are not controlled by the ordinary rules of practice that obtain in the courts of the country, but are controlled by statutory provisions and a code of rules made in pursuance of statutory provisions wholly unlike the rules of practice enforced in the courts.

Applications for rehearing in courts of equity and for new trial in courts of law, are governed by certain fixed rules and restrictions in respect to time, and are subject to certain terms and conditions, that in no manner apply in the case of motions for rehearing in the Patent Office. If the contention of the appellant were sustained it would virtually abrogate the rule of this court prescribing the time within which appeals from the Commissioner of Patents must be taken. A losing party in any case, who desired delay, could produce that effect by simply entering a motion for rehearing, even at the last day of the limit of the right of appeal. This was certainly not contemplated by the rule.

No appeal, of course, will lie from the refusal of a motion for rehearing, and this accords with all the cases. Forty days from the decision of the principal question afford ample time within which to make a motion for rehearing, and to have the same disposed of by the Commissioner, who will, doubtless, act in all cases on such motions with respect to the right of appeal from the original order or decision.

If the time for prosecuting appeals from the Commissioner of Patents could be prolonged, or the running of the time suspended or deferred, by motions for rehearing, such rule of practice would be subject to great abuse, as such motions could, and most likely would, be frequently resorted to for mere dilatory purposes, and thus defeat the rules intended to effect expedition in disposing of patent appeals. Such construction of the rules ought not to be adopted, unless by express terms such construction cannot be avoided.

The Patent Office is governed by a very salutary rule, which applies to all motions made in that office in interference proceedings. It is Rule 123, relating to the practice of the Patent Office in interference proceedings. By that rule it is provided that "the filing of motions will not operate as a stay of proceedings in any case; but to effect

that object, motion should be made before the tribunal hav-
ing jurisdiction of the interference, who will, sufficient
ground appearing therefor, order a suspension of the inter-
ference pending the determination of such motion." With-
out such order of suspension the interference is effective,
notwithstanding the pendency of a motion to rehear the
case. That rule applies in reason and by analogy, if not
in terms, to this case. The running of the time for appeal
was not arrested or stayed by filing the motion for rehear-
ing; and the order overruling such motion is not the sub-
ject of appeal. The appeal, therefore, must be dismissed;
*and it is so ordered.*                    *Appeal dismissed.*